George A. ELAM, Plaintiff-Appellant,

v.

Robert ALLBEE and Katherine Boisaubin, Defendants-Respondents.

No. 32997.

St. Louis Court of Appeals.
Missouri.

Sept. 17, 1968.

Richard M. Stout, Kent E. Karohl, Kirkwood, for plaintiff-appellant.

Robert C. Ely, St. Louis, for defendants-respondents.

CLEMENS, Commissioner.

The sole issue here is whether the plaintiff pedestrian made a submissible humanitarian case against the defendant motorists by showing his and their relative positions and courses of movement before the impact. We find he did not.

Plaintiff got a $12,000 verdict and judgment but the trial court granted defendants' after-trial motion for judgment in accordance with their previous motion for directed verdict. (Alternatively, the trial court granted defendants' motion for a new trial on the ground the evidence failed to support plaintiff's humanitarian submission. Civil Rule 72.02, V.A.M.R.) Plaintiff appeals from the defendants' judgment.

About 10:30 on the night of January 5, 1965, defendants' "beetle-shaped" Volkswagen, southbound on Jamieson Avenue, struck plaintiff, who said he was walking west across Jamieson "right near" its intersection with Marquette Avenue. Jamieson is an eight-lane street; down its center runs a raised concrete divider. On each side of the divider there are three 10-foot driving lanes and a 10-foot parking lane. Defendant Katherine Boisaubin was driving defendant Robert Allbee's car southward at 30 to 35 m. p. h. in the lane next to the parking lane. There were no other moving vehicles nearby, only one parked car—on the west side of Jamieson, ahead of defendants and just south of Marquette. The Volkswagen had cleared the intersection and struck the plaintiff on Jamieson, a short distance south of Marquette.

By plaintiff's verdict director, MAI 17.15, he could recover either for discovered peril or discoverable peril. He must rely on discoverable peril since the evidence does not show discovered peril. This, because defendants testified without contradiction that: they did not see plaintiff until a split second before striking him; they did not know how plaintiff reached the point of impact; they first saw plaintiff on their *right;* at impact the plaintiff landed on the hood of their car, breaking the windshield and left 'headlight;' the defendant driver began applying the brakes simultaneously with the impact. There being no evidence to the contrary, plaintiff did not show discovered peril and he must—and does—rely on discoverable peril.

The premise of plaintiff's argument for discoverable peril is that he was walking *west* from the center divider strip across the southbound lanes of Jamieson, a distance of 25 feet to the point of impact, fully visible all the while to the approaching defendants. From this premise plaintiff argues that the defendants' driving speed was ten times his own walking speed and, thus, plaintiff concludes that for 250 feet of driving distance he was moving on a collision course with defendants' car, fully visible to them; that they could have avoided the impact by stopping, slackening speed, swerving or giving a warning. The defendants challenge plaintiff's premise—that he walked 25 feet across Jamieson within their view.

In determining the sufficiency of plaintiff's case, he is entitled to all favorable evidence and inferences. A review of the evidence, however, is not limited to isolated statements: it embraces all evidence adduced by plaintiff. Duke v. Missouri Pacific Railroad Co., Mo., 303 S.W.2d 613 [1], and McTurman v. Bell, Mo.App., 398 S.W. 2d 465 [1, 2]. We first relate plaintiff's own evidence and then the defendants' evidence that he relies on.

Plaintiff, a 66-year-old retired carpenter, knew little about the collision. That night he had been out "bumming around with the old bunch" and "had a few beers." When admitted to the hospital later that night,

plaintiff's condition was stated as "acutely intoxicated by alcohol."

Concerning the collision, plaintiff testified: He was headed west toward his home, coming along Marquette and across Jamieson. He did not say whether he had been on the north or south side of Marquette, only that he crossed Jamieson in a southwest direction. Plaintiff said he saw neither defendants' car nor its headlights as he crossed Jamieson, but he did say that as he stepped up on the west curb of Jamieson he saw headlights of a southbound car a block away. Plaintiff said he did not see defendants' car before it hit him, and both in his pre-trial deposition and on cross-examination repeatedly said he had reached the west curb of Jamieson before the impact.

To support his thesis that just before the impact he was walking west across Jamieson into defendants' line of travel and within their view, plaintiff relies on the testimony of defendant driver Katherine Boisaubin. Plaintiff's counsel asked her, "So you believe he was walking, is that right?" She answered yes. Plaintiff argues that this statement—added to his own testimony that he was going west—establishes his position of peril. We disagree. Miss Boisaubin had testified she first saw plaintiff to her *right* front an instant before the impact; that plaintiff was moving *east,* from her right toward her left. Miss Boisaubin's testimony does not support plaintiff's thesis that he was visible to the defendants as he walked west across Jamieson into the path of their oncoming car; instead, it confirms plaintiff's own statement that he had reached the west curb of Jamieson sometime before the collision. (How or when he got from there into the path of defendants' car is a mystery.)

No evidence connected the time of plaintiff's crossing Jamieson with the time of defendants' approaching the point of impact. Nor was there evidence showing that the relative paths of plaintiff's walking west across Jamieson and defendants' driving south thereon were on a collision course. And plaintiff's statements that he had

reached the west curb of Jamieson before the impact refuted the very inference plaintiff relies on.

■ Several humanitarian doctrine elements are relevant: The first and fundamental fact of liability is that plaintiff came into position of imminent peril. (Banks v. Morris & Co., 302 Mo. 254, 257 S.W. 482 [2].) "Imminent peril" is that position of danger to the plaintiff in which—if the existing circumstances remain unchanged—injury to him is reasonably certain. (Yarrington v. Lininger, Mo., 327 S.W.2d 104 [8].) Only then does the humanitarian doctrine seize upon the situation and impose a duty thereafter to exercise proper care to avoid the threatened injury. (Ornder v. Childers, Mo., 327 S.W.2d 913 [3].) Whether and when a defendant becomes chargeable with notice of a plaintiff's peril depends on the reasonable appearances of the situation confronting the defendant. (Faught v. Washam, Mo., 329 S.W.2d 588, l. c. 597.) Hence, what constitutes a position of imminent peril varies from case to case. (Yarrington v. Lininger, supra, at 327 S.W.2d 104 [9].) And although the precise time when—and place where—plaintiff comes into a position of imminent peril is ordinarily a jury question, there must be substantial evidence from which the jury, without resorting to speculation, may determine when and where plaintiff did in fact come into that position. (Yarrington v. Lininger, supra, at 327 S.W.2d 104 [7].)

■ Applying these principles to the record here we find nothing to indicate that the reasonable appearances of the situation confronting the defendants charged them with notice that plaintiff was in his claimed position of imminent peril. Lacking that vital element, plaintiff did not make a case under the humanitarian doctrine.

Plaintiff relies on two cases to support his submission of discoverable peril: Kuehn v. Hahn, Mo., 380 S.W.2d 445, l. c. 447–448, and Wright v. Osborn, 356 Mo. 382, 201 S.W.2d 935, l. c. 937–938. In each case substantial evidence showed the relative

prior positions and courses of movement of the injured pedestrian and the defendant motorist. Those crucial factors distinguish the cited cases from ours. Here, the evidence is more akin to the cases of Davis v. St. Louis Public Service Co., Mo., 316 S.W.2d 494 [8, 9]; Wapelhorst v. Lindner, Mo., 269 S.W.2d 865 [7, 8]; Hartlage v. Halloran, Mo.App., 331 S.W.2d 197 [3]. In each, plaintiff lost by failing to show the relative prior positions and courses of travel of the plaintiff pedestrian and the defendant motorist. We reach the same result here.

We hold that the plaintiff failed to make a submissible humanitarian case. The trial court correctly set aside plaintiff's verdict and judgment and entered judgment for the defendants. That judgment should be affirmed.

PER CURIAM:

The foregoing opinion of CLEMENS, C., is adopted as the opinion of this court. Accordingly, the judgment for defendants is affirmed.

ANDERSON, P. J., RUDDY, J., and P. F. PALUMBO, Special Judge, concur.